All right. Our second case this morning is United States v. Morgan. Oh, Mr. Durkin, you're sideways. There we go. Okay. All right. We do have everyone now. Go ahead, Ms. Pavlo. You may proceed. Thank you. Good morning, Your Honors. Susan Pavlo on behalf of Appellant Anthony Morgan, if it may please the Court and Counsel. The district court aired in several respects in imposing the sentence in this case. First, it failed to conduct a properly calculated guideline range. Ms. Pavlo, you will have to keep your voice up because of the amplification issue? Certainly. Apologies, Your Honor. Great. Thank you. That's better. First, the district court failed to properly conduct a guideline calculation. There's no mention in the sentence and transcript of criminal history categories, base offense levels, and this case is analogous to a matter that was previously before the Court in United States v. Garcia. In Garcia, the co-defendant, Felipe Zamora, had his sentencing vacated and remanded. Also, the district court failed to conduct a proper guideline calculation as well as justify the deviation from the sentence. Ms. Pavlo, there was a guidelines calculation in the pre-sentence report, and reading through this, nobody seems to mention that, actually. Doesn't the judge generally say he's following the PSR? Yes, Your Honor, and he actually did so in this case on page three of the transcript. The problem is, as the sentencing hearing went on, the district court clearly took issue with my client's allocution and then questioned and denied acceptance of responsibility. That wasn't at all clear to me whether he, in fact, denied that or whether he just went ahead and left the calculations exactly as they were under the sentencing guidelines but chose, as is his prerogative, a higher sentence. Your Honor, that's precisely the problem, and that's why we cite both United States v. Garcia and United States v. Zamora for the propositions that, when the record is unclear, and it is unclear here, there's no question that he took issue with the allocution and what he believed was my client's acceptance of responsibility. The problem is he never resolved it. Ms. Pavlo, I'm looking at page 36 of the transcript. Judge Norgel says you knew gang members were to come in the house and pick up the guns. The defendant, yes, sir. The court, is that what you are telling me now? The defendant, yes, sir. The court, why didn't you say it before? The defendant, I'm sorry for that. Would that be that resolution of the court confronting the defendant with his previous statement of family members and friends? He certainly confronts him with it, and my client does apologize because, in my client's mind, it was a distinction without a difference because all over the PSI and the brothers and friends were gang members. But it doesn't resolve the issue of acceptance. The judge could have very easily said, well, then you've accepted responsibility, but he didn't do that. And so because... But how about just in this section, just following the one to which Judge Brennan called our attention, where the court says, all right, it is the judgment of the court that you serve 48 months in the Bureau of Prisons. Then he goes on to say some things that make me think he's going with the guideline range in the pre-sentence report. He says, recommendation of the probation officer is a good one. 30 months, defense counsel has said within the guideline range would be appropriate, but at the lower end of 24. I don't know how to read that other than that he thinks the lower end is 20, that this is a 24 to 30, and he's going Samuel Gutierrez, who was both a co-defendant in U.S. v. Garcia and U.S. v. Zamora. Both of his sentences and hearings were remanded for precisely the reason that it's unclear from the transcript. That, Your Honor's suggestion, is a possible explanation, but respectfully, it's not clear. Here, the judge raised the issue of acceptance and then failed to resolve it. We also believe that the district court erred in imposing an unreasonable sentence in this case and also in going above the guidelines failed to justify the upward variance. The guidelines here were 24 to 36 months, and the court ended up imposing a 48-month sentence. Didn't the 24 to 30 reflect the adjustment for acceptance of responsibility, at least at the PSR level? It did, correct. But because I don't know, and it's unclear from the transcript, whether the accepted the guideline range or not, that that unclarity is difficult to judge or difficult to put myself in the minds of the judge into what he ultimately decided. But certainly, if he did give a guideline sentence or is going with what the PSI recommended, he went above it, and he did so for an individual who was in criminal history category one, had never before served a sentence of any kind. The fact that the guns were accessible to gang members was already accounted for in the four-point enhancement under V5 of the guideline. And so, the judge failed to articulate why this particular individual was more deserving of punishment than someone else with that guideline range and a criminal history category one. In addition to explain that, the fact is that the guideline, the sentence was also unreasonable because the district court appeared to impose the sentence based on general deterrence. And while that's certainly a factor that courts must consider and weigh, that appeared to be the basis or the full basis for the sentence in this case. There wasn't really any individual consideration of the characteristics. Again, the fact that Mr. Morgan had never served a sentence, the fact that he was in criminal history category one, so there's no comment by the district court as to why the guideline sentence doesn't serve that goal of deterrence. In addition, the district court erred in imposing the condition of supervised release, that's condition number 23. At the sentencing hearing, I think both parties agreed that it shouldn't be imposed. It's typically imposed in SORNA cases, and although it can be imposed in different types of cases, there's certainly nothing here to indicate that it was necessary. Mr. Morgan was on pretrial release on home incarceration for two years without incident. This was not a case that involved the search of his home or computers, and the fact that condition 16 is already imposed without injection, there's nothing to indicate that 23 is also necessary. And as well, the explanation that the court gave at the time fails to make that particularized connection that's necessary. And with that, I'd like to reserve the remainder of my time. That's fine. Thank you. Mr. Durkin. May it please the court, my name is James Durkin, and I'm appearing for the United States. The court's 48-month above guideline sentence was procedurally sound and substantively reasonable. The district court did not err when it confirmed that the parties agreed on the sentencing guidelines and adopted the uncontested pre-sentence investigation report. So what language are you particularly relying on for that statement you just made? That the court did not err when it adopted it? I searched this sentencing transcript to find a place where, as judges often do, the judge said, I am announcing that the sentencing guideline range is 24 to 30 months, or the judge said, I'm going to adopt the sentencing guideline range that appears in the PSR, anything coming out of the judge's mouth, affirmatively blessing that guideline range. What are you relying on for that? Well, two things, Your Honor. And I don't think, directly to your point, I don't think that the district court ever specifically said, I'm adopting a guidelines range as stated in the PSR of 24 to 30 months. But the court did two things. One, the court did not err when it was confirming the court adopted the PSR. And more than just adopt the PSR, the court confirmed that both parties had reviewed the PSR, that the defendant had reviewed the PSR with his attorney, and heard objections to the PSR. There was nothing in the PSR with respect to the guidelines. The only objection the defendant raised was to a minor point that the district court affirmed, or it said that it would ignore in the PSR. And so then it adopted the PSR after hearing the party's agreement. Here, where there was nothing to dispute, it's okay for the district court to adopt the PSR. And then the second thing that the district court did is something that you referenced in your questioning of Ms. Petito, which is that the district court referenced both ranges, or both the low end and the high end of the guidelines for imposing the sentence, 24 months on the low end and 30 months on the high. Now you mentioned that as well on page, it appears to be page 9 of the transcript, page 57 of 94 in the brief. You said that's why the nature requires a sentence that is above the advisory guidelines range of 24 to 30 months. So that's one place where it's said out loud, but not by the judge. You see, we get into this problem when the judge doesn't tick off the boxes, when the judge doesn't say, here's my sentence. I'm starting from an advisory guideline range of A to B, and I've considered the 3553A factors. We wind up with this need to reconstruct what was going on inside the judge's head. And with this ambiguity about acceptance of responsibility, the judge is very cross with the defendant's allocution. The judge feels that it's not at all remorseful. Indeed, maybe misleading. Your Honor, the district court certainly took issue with the defendant's acceptance of or allocution. But at no point did the district court ever state that he was withdrawing credit for acceptance of responsibility. And if you review the entire sentencing hearing as a whole, at the beginning, in the middle, and the end of the hearing, the district court noted that defendant was receiving credit for acceptance. At the outset, the district court adopted the PSR, which accounted for acceptance. During the hearing, the district court certainly did take issue with the defendant's allocution, but the district court is allowed to take issue with the defendant's allocution and still grant acceptance. And the primary issue that the district court had here was ultimately resolved. That issue was whether or not the defendant was going to acknowledge who he was obtaining these guns for, what their role in society was, which is that they were gang members. They weren't just other people. And his ultimate acknowledgement, the defendant's, that he knew that they were going to be using these guns for illegal acts. Judge Brennan referenced this in his questioning of Ms. Pavlo, which was that on page 36, the district court actually did say, why didn't you tell me that earlier? So Mr. Durbin, on that front, you and Ms. Pavlo were both sentencing. And I'm focusing on pages 29 to 32 of the transcript. The court says that on line six of page 29, the defendant has been given credit for responsibility, acceptance of responsibility, but this statement ignores totally the government's argument. Then later on, about three pages later, I'm not sure whether you piped up or whether the court just recognized you, but I'm on page 32, line seven, Judge Norgel asks, what do you have to say with respect to what the defendant has said to the court by way of allocution? You say, I wish he had provided more information. Then the judge makes a statement. And then you say, I think he's satisfied acceptance of responsibility. Under the law, that's it. You say there wasn't much of a statement, but he's not required to make any statement. The court says that's correct. Being there is the idea here that you're speaking to this issue at the request of the court, or are you bringing it up for purposes of the plea agreement? I'm bringing, I'm speaking at the request of the court. The district court asked me what my opinion was. And then after, after that exchange, the defendant eventually spoke and he acknowledged for the first time at the sentencing hearing that he was obtaining these gang members and also that he knew that they would use them for illegal acts. And that's when at the bottom of page 35, the district court says, well, why didn't you tell me that in the beginning? And so there, I think is the resolution as to this issue of acceptance within the hearing. And then to just take it one point further after the hearing, the district court statement of reasons noted that it adopted the PSR, which also credited the defendant with To be fair though, Mr. Durkin, it was, it was pretty thin rule, right? I'm on the statement of reasons, page two, state the basis for the departure, 35 to three factors as presented by the government, right? That's correct, Your Honor. With respect to the district court's explanation of the sentence, the district court provided an adequate explanation for its above guidelines sentence. It's not just the page and a half of transcript after the court specifically said 48 month sentence. There was also an extended discussion where the court addressed its concerns and thoughts about the sentence in exchanges with the defendant, the defendant's attorney and the government's attorney. It's clear from those exchanges that the court considered the nature and circumstances of the offense. District court was focused on the fact that the defendant not only obtained these firearms illegally, but that he made available to gang members and that he knew that those gang members would use them for illegal acts, which is what they did. The district court also considered the history and characteristics of the defense. It noted the defendant's personal history with gun violence when addressing the collateral consequences of his crime. And it noted that it considered the various letters that the defendant submitted to in court, to the court. And those letters included letters from his mother and from his friends. Finally, the district court emphasized the need for general deterrence, particularly for a defendant who illegally obtains firearms and then makes them available for use by gang members. And it's that factor that makes this above guideline sentence reasonable. Well, maybe the best fact for you is the judge does say, he emphasizes general deterrence almost to the exclusion of everything else. I think we have to be honest about that. He makes a statement saying, I'm really not doing this for specific deterrence. I don't think you're going to go do this again. But he emphasizes the general deterrence. But it seems that in his mind, the question is, why shouldn't I go all the way up to the statutory maximum? And he says, but I have these other 3553A factors. And he mentioned some of the positive things that you just alluded to. That's correct, Your Honor. Finally, on the last note, discretionary condition of release 23. The court's imposition of this condition was not an abuse of discretion. That condition is not limited to cases involving sex offenders or SORNA. And the district court, in this case, properly connected that condition to the defendant's personal history and the nature of his offense. Mr. Durkin, how did that happen? Because as I understand it, the defendant is calling the individual in New Mexico, getting a feel for what the price range and the types of the guns. He's not using a computer to send emails or somehow communicate with that individual, is he? No, he's not. And in this case, Your Honor, the district court's reason for his justification for imposing this condition was the fact that the defendant was distributing handguns from the residence that he lived in. So it wasn't just a case where he was illegally receiving guns. He was storing them in his residence, making them available to others who came in and out of that residence. And so the district court specifically tied that condition to the defendant's offense. If there are no further questions. So is it the location of the computer in the residence? Is that the connection? The court was concerned with a computer. I think it was offering the ability of a probation officer to search the defendant's residence upon probable cause that he's violating the condition. I see that my time is up. The government respectfully requests that the court affirm the district court's sentence. Thank you. Thank you. Thank you. Ms. Haslund. The government argues that early on in the transcript, the district court did accept the PSI and it did on page three. But this is completely analogous to the Zamora case, who's a co-defendant in USC Garcia, where the judge also accepted the PSI on, I believe, on page three of that sentence and transcript, but still failed to articulate a prosecution. There's no question that the court was upset with Mr. Morgan's allocution, but he was charged with illegally obtaining the guns. And when, with due respect to the government, the first time he admitted that the guns were going to the gang was not at the sentencing hearing. As I, as the court was advised at the time of sentencing, my client gave a very that gang members had access to the guns. That aside, where the guns go or how the guns are distributed are not part of the offense. It's relevant conduct. He didn't have to admit it as relevant conduct. He could stand silent, but he went beyond that. He gave the post-arrest statement. It ended up in the PSI. There was no objection made to it. And when the court prodded him about where, who had access to the guns, he readily admitted that friends or, or relatives had access. There was no hand to hand distribution of the gun. He, my client simply couldn't admit facts that he didn't have any knowledge of. And so he admitted to the court, uh, showed his remorse and should have been entitled to the acceptance. The sentence in terms of reasonability, um, the court did give a sentence one year shy of the maximum, but, and it did reference some 3553a factors in not granting the government's request for the, for the maximum. The problem is general deterrence is not sufficient to go 18 months over the high end. And if the court is going to say that though, I mean, I realized that's what you're arguing, but I'm not sure where you're getting that from. That is if the court granted acceptance, again, the transcript is unclear and it's a bit difficult to judge. So if he didn't give acceptance, then it is within a guideline sentence. But in that case, my client did accept responsibility and it should have been a guideline sentence. If the court considered the guidelines of 24 to 36 months and ended up going 18 months at the high end over the high end, they needed more than general deterrence to give that particularity or to say why someone in criminal history category one was in need of a high end sentence and general deterrence, which was the bulk of the reasoning is simply insufficient. The court said without doubt that there was no reason that there would be a concern for specific deterrence. And regarding section condition 23, the court gave a very generic response or explanation to tie it into the nature of the offense, which was insufficient. And for those reasons, we would ask the court to vacate the sentence and remand it for resentencing. All right. Thank you very much. Our thanks to counsel and the case was taken under advice.